UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE LUTFI<br>*1013 17th Street South, Arlington, VA*<br>*Telephone: (703) 979-3844*<br>   Plaintiff,<br>v.<br><br>LOCKHEED MARTIN CORPORATION, and its subsidiaries, including LOCKHEED MARTIN SERVICES, INC., whether partially or fully owned, and any of its assigns, or entities similarly named or bundled,<br>*6801 Rockledge Drive, Bethesda, MD*<br><br>The Federal Aviation Administration,<br>*800 Independence Avenue SW, Washington, DC*<br><br>Samir Dhamsania,<br>*4583 Trumpet Vine, Fairfax, VA;* and<br><br>Russel Zub<br>*8909 Magnolia Ridge, Fairfax Station, VA*<br>   Defendants. | **FILED**<br>JUL 18 2014<br>Clerk, U.S. District and<br>Bankruptcy Courts<br><br>CIVIL ACTION No. _____<br><br>Case: 1:14-cv-01214<br>Assigned To : Jackson, Amy Berman<br>Assign. Date : 7/18/2014<br>Description: Pro Se Gen. Civil |

COMES NOW, Plaintiff George Lutfi ("LUTFI"), appearing pro se, complains of Defendants and states as follows.

INTRODUCTION

1)   This action seeks monetary relief from Defendants for fraud, conspiracy, and defamation arising from and following the termination of LUTFI's employment at LOCKHEED MARTIN CORPORATION, its subsidiaries whether partially or fully owned, and any of its assigns, agents, or entities similarly named or bundled ("LOCKHEED").

RECEIVED
JUL -9 2014
Clerk, U.S. District and
Bankruptcy Courts

2) This action also seeks monetary and injunctive relief from LOCKHEED for continued breach of contract and promissory estoppel as a consequence of claims under ¶1, for abuse of fair labor practices in wage determination and compensation, and for repeated abuse in execution of contractual documents and federal contracting practices.

3) LUTFI is also seeking compensation for the tortious interference and loss of revenues and business opportunities of PC NET Inc. ("PCNET") and LUTFI, both harmed by the Defendants and/or their agents' false and defamatory statements or that they intended to place PCNET and LUTFI in a false light, or that intended to cause harm and did cause harm to PCNET and LUTFI.

## JURISDICTION AND VENUE

4) The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. 1331 because the parties' relationships are governed exclusively by federal contracts and statutes, and because a federal agency is a Defendant. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because at least one of the Defendants and the Plaintiff are from diverse states.

5) The Court has supplemental jurisdiction pursuant to 28 U.S. C. 1367 to hear Plaintiff's state law claims because those claims

are related to Plaintiff's federal claims and are inextricably entwined and arise out of a common nucleus of related facts. Plaintiff's state law claims are related to Plaintiff's federal law claims such that those claims form part of the same case of controversy under Article III of the United States Constitution.

6) Venue is proper in that the claims alleged here arose due to harm and/or false statements that form the subject matter of this case were directed to recipients in the District of Columbia.

## PARTIES

7) Plaintiff George Lutfi ("LUTFI") is an adult male residing at 1013 17th Street South, Arlington, Virginia. LUTFI has contracted with LOCKHEED to perform services related to the subject matter of this complaint. LUTFI has also obtained the rights of PC Net, Inc. ("PCNET"), headquartered in the District of Columbia, the subcontractor under which LUTFI initially performed services related to the subject matter of this complaint to LOCKHEED. LUTFI has been assigned the rights of PCNET related to any and all claims it may have against LOCKHEED or its employees. LUTFI is therefore also bringing claims as assignee of PCNET and pursues these rights in this action. For the purposes of this complaint, when referring to LUTFI it shall include and be interchangeable with PCNET and its claims against Defendants.

8) Defendant LOCKHEED, including its subsidiary Lockheed Martin Services, Inc.[1], is an international corporation and leader in the aeronautics and defense industry that is headquartered in Bethesda, Maryland. LOCKHEED had entered into separate agreements with PCNET and LUTFI.

9) The Federal Aviation Administration ("FAA") is a federal agency of the United States Department of Transportation headquartered at 800 Independence Avenue SW, Washington, District of Columbia. LOCKHEED had and is still performing services for the FAA under the National Air Space (NAS) Implementation Support Contract (NISC) or any of its variations.

10) Defendant Samir Dhamsania ("DHAMSANIA") is an adult male residing at 4583 Trumpet Vine, Fairfax, Virginia. He was LUTFI's supervisor, and acted in both personal and representative capacities in relation to the subject matter of this complaint.

11) Defendant Russel Zub ("ZUB") is an adult male residing at 8909 Magnolia Ridge, Fairfax Station, Virginia. He was and still is NISC's program manager, and acted in both personal and representative capacities in relation to the subject matter of this complaint.

---

[1] References to LOCKHEED shall include references to Lockheed Martin Services, Inc., any other subsidiary that was part of the agreement with PCNET or LUTFI, and the employment of LUTFI.

## FACTS

12) Plaintiff is an Information Technology (IT) specialist with unique skills in the business intelligence area, including data integration and database management that he rendered as services to LOCKHEED in support of a NISC project, the Certificate Management Information System ("CMIS"), which ensures the safety of aeronautical parts used in commercial airlines for the FAA.

13) LOCKHEED initially hired Plaintiff through PCNET. However, once that contract expired, LOCKHEED hired LUTFI directly, and PCNET acted as a pass through and payroll agent to conduct billing, merely as a convenience, though LOCKHEED never submitted any payments to PCNET or LUTFI after the expiration of PCNET's six-month contract and before LUTFI ceased working for LOCKHEED; LUTFI continued to provide services on CMIS based on his direct contract with LOCKHEED for a period of four months.

14) LUTFI received national recognition at the Washington State Convention Center before thousands of attendees during his employment at LOCKHEED regarding his special skill-set that was noticed by Microsoft Corporation and his colleagues.

15) As a matter of fact, LUTFI was required and begged to continue his work beyond a normal workload and sometimes throughout the night in order to achieve the goals of LOCKHEED

that was being mismanaged by SAMIR DHAMSANIA.

16) On July 9, 2013, LUTFI learned for the first time from Ms. Patricia Everett, DHAMSANIA's and LUTFI's supervisor at LOCKHEED in 2008, that DHAMSANIA had told FAA's NISC contracting officer, Ms. Paula Ehrlich: "I will not pay for Lutfi's hours. The project would have not been delayed if it weren't for him. I signed those timesheets to keep him working, but he didn't work all those overtime hours. We had to redo all the work after he left because he didn't get anything done and locked his machine. If you don't pay for overtime hours, then I won't have to pay him. You shouldn't have to pay twice for the data migration. You shouldn't have to pay for overtime." To which Ms. Everett heard Mr. Ehrlich reply: "I do not want anything to do with George. I do not want to talk to George. I'm not paying for the job again. You tell Lockheed the FAA won't pay for George."

17) These statements were the basis for LOCKHEED not paying LUTFI or doing further business with PCNET. Ms. Ehrlich had complained to ZUB regarding LUTFI and caused Plaintiff harm and damages that form basis to all the claims herein.

## MALICE

18) Plaintiff incorporates by reference all preceding Paragraphs of this Complaint as if set forth in full. Defendant and its

agents, employees, including DHAMSANIA and/or ZUB, individually and in concert for their own self or joint interests have intentionally, knowingly or with recklessness published false statements and/or portrayed Plaintiff and PCNET in a false light by agreement, joint or individual interest and/or benefit to harm Plaintiff's and PCNET's reputation and their current and prospective business relationships.

## FIRST CLAIM

### DEFAMATION

19) Plaintiff re-alleges paragraphs 1 through 18 of this Complaint as set forth in full.

20) Defendants and their agents made false and defamatory statements by accusing LUTFI of defrauding the FAA and LOCKHEED and causing project delay that LOCKHEED billed the FAA for its whole team, and/or upon information and belief by publication on Defendant's email server that were replicated throughout the internet and by spam emails and videos. Defendant defamed Plaintiff through the use of the methods mentioned and directed towards and harming Plaintiff in the District of Columbia. Defendant knowingly made and/or published the aforementioned false and defamatory statements about Plaintiff with an evil or

wicked intent. In the alternative, Defendant negligently made the aforementioned false and defamatory statements about Plaintiff. Defendant then republished the false and defamatory statements to other persons who responded relying on the statements. Defendant through its agents acted as stated herein with knowledge of the falsity of the statements and with the intent to harm LUTFI's and PCNET's reputation, character and/or to gain a competitive advantage.

## SECOND CLAIM

### INTENTIONAL TORTIOUS INTERFERENCE WITH BUSINESS ADVANTAGE

21) Plaintiff re-alleges paragraphs 1 through 18 of this Complaint as set forth in full.

22) Defendants acted negligently or intentionally in derogation of the rights of Plaintiff and PCNET, as stated supra.

23) Defendants' conduct was calculated to cause harm to Plaintiff and PCNET by affecting their current client and business relationships and to prospective clients and business relationships.

24) Defendants' conduct was committed with the unlawful or improper purpose to cause such damage, without justification, and with actual damage resulting to the Plaintiff and PCNET.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LUTFI, individually and through his assigned rights of PCNET, requests that the Court declare and enter an order and judgment against Defendants, jointly and severally, upon each count of the Complaint as follows:

1. Compensatory damages, including breach of contract, business losses including but not limited to time and monies invested by Plaintiff (PCNET) and lost business opportunities, to be determined at trial but no less than TWO MILLION and ONE HUNDRED THOUSAND DOLLARS; and

2. Punitive and/or Treble damages,

3. Award attorneys' fees and costs; and

4. Grant such other and further relief, as the Court may deem just and equitable.

Plaintiff demands trial by jury on all issues.

Respectfully submitted this 9 day of July 2014,

_____
George Lutfi
1013 17 Street South
Arlington, VA 22202

*Pro Se Plaintiff*