UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE LUTFI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-1214 (ABJ) |
| ) | |
| LOCKHEED MARTIN CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Lockheed Martin Services, Inc.'s Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF No. 7], the Motion to Dismiss of Defendant Federal Aviation Administration [ECF No. 19], and plaintiff's Motion for Leave to File First Amended Complaint [ECF No. 27].  For the reasons discussed below, defendants' motions will be granted, and plaintiff's motion will be denied.

I. BACKGROUND

Plaintiff, a Virginia resident, Compl. ¶ 7, describes himself as "an Information Technology (IT) specialist with unique skills in the business intelligence area, including data integration and database management," *id*. ¶ 12.  He is a former employee of Lockheed Martin Services, Inc. ("Lockheed"), *see id*. ¶ 7, which had entered into a contract with the Federal Aviation Administration ("FAA") "under the National Air Space (NAS) Implementation Support Contract (NISC)," *id*. ¶ 9.[1]  Plaintiff identifies his former supervisor as Samir Dhamsania and

---

[1] It appears that the proper corporate defendant is Lockheed Martin Services, Inc., a wholly owned subsidiary of Lockheed Martin Corporation.  *See* Lockheed Martin Services, Inc.'s Rule 7.1 Certification [ECF No. 8] at 1.  For convenience, the Court refers to this defendant as "Lockheed."

1

NISC's program manager as Russell Zub; both of these defendants are Virginia residents. *Id*. ¶¶ 10-11.[2]

According to plaintiff, "[d]efendants . . . made false and defamatory statements" about him by "accusing [him] of defrauding the FAA and Lockheed and causing project delay [for which] Lockheed billed the FAA for its whole team, and/or . . . by publication on [d]efendant's email server that were replicated throughout the internet and by spam emails and videos." *Id*. ¶ 20. Plaintiff further alleges that defendant, either intentionally or negligently, "republished the false and defamatory statements to other persons who responded relying on the statements . . . with the intent to harm [his] . . . reputation, character, and/or to gain a competitive advantage." *Id*. In addition, defendants allegedly acted in such a way that plaintiff's "current client and business relationships and . . . prospective clients and business relationships," *id*. ¶ 23, have been harmed, *id*. ¶ 24. He demands compensatory and punitive damages, among other relief. *Id*. at 9 (page number designated by ECF).

II. DISCUSSION

A. *Plaintiff's Motion for Leave to Amend the Complaint*

Lockheed filed its motion to dismiss or for summary judgment on August 22, 2014 [ECF No. 7]. On August 25, 2014, the Court issued an order [ECF No. 9] directing plaintiff to file an opposition or other response to Lockheed's motion by September 22, 2014. The order warned plaintiff that if he failed to file a timely opposition, the Court would treat Lockheed's motion as conceded. Further, the order directed plaintiff to show cause by September 22, 2014 why this matter should not be dismissed for lack of subject matter jurisdiction. On September 22, 2014,

---

[2] Lockheed's counsel "has also been retained to represent Defendant Samir Dhamsania and Russell Zub in this matter." Defs.' Mem. at 1 n.1. Neither of these defendants has been served with process, and counsel has not entered an appearance on their behalf.

plaintiff filed a Partial Consent Motion for Leave to File Amended Complaint instead. [ECF No. 11].

In his motion, plaintiff stated that his amended complaint would eliminate some claims and some defendants and add others, and he posited that the amendment would cure any defects in subject matter jurisdiction. The Court denied plaintiff's motion without prejudice on October 6, 2014 because the motion did not comply with Local Civil Rules 7(i) and 15.1 [ECF No. 16]. In its order, the Court specifically explained that the Local Rules require that any motion for leave to amend must be accompanied by a copy of the amended pleading proposed to be filed.

The FAA filed its motion to dismiss on November 5, 2014 [ECF No. 19]. On November 6, 2014, the Court issued an order directing plaintiff to respond by November 26, 2014 to Lockheed's and FAA's motions and to the order to show cause on the question of subject matter jurisdiction [ECF No. 20]. Instead, on November 6, 2014, plaintiff again advised the Court of his intent to file an amended complaint, and he requested an extension of time to do so [ECF. No. 21].

On December 8, 2014, the Court set a new deadline – January 9, 2015 – for plaintiff's motion for leave to amend his complaint as well as his response to the order to show cause and any oppositions to the pending motions to dismiss [ECF No. 24]. The order specified that the motion for leave to amend must comply with Local Civil Rules 7(i) and 15.1, and that no further extensions of time would be granted. Nevertheless, on January 9, 2015, plaintiff filed a third motion for leave to file an amended complaint [ECF No. 27], and he again failed to supply the revised complaint in accordance with the Local Civil Rules. Also, while plaintiff made reference to a memorandum of points and authorities in his pleading, no memorandum was actually filed. Similarly, plaintiff's January 9, 2015 response to the Court's order to show cause [ECF No. 25]

and his opposition to Lockheed's motion [ECF No. 26] also referred to a memorandum of points and authorities that was not actually filed.

More than two weeks have passed since plaintiff's filing deadline, and the proposed amended complaint has not yet been submitted. Accordingly, plaintiff's Motion for Leave to File First Amended Complaint will be denied, and the motions to dismiss must be decided on the face of the original complaint, without the benefit of any points and authorities submitted by the plaintiff.

B.  *Lockheed Martin Services, Inc.'s Motion to Dismiss*

"Federal courts are courts of limited subject matter jurisdiction [and] possess only that power granted by the Constitution and federal statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Thus, a federal district court has "an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff purports to bring two claims: defamation, *see* Compl. ¶ 20, and "intentional tortious interference with business advantage," *see id*. ¶¶ 22-24, and in his complaint, he invokes this Court's federal question jurisdiction, diversity jurisdiction, and supplemental jurisdiction. *See id*. ¶¶ 4-5. But Lockheed argues that the Court cannot exercise jurisdiction over it for what appear to be state law claims. *See* Mem. of P. & A. in Support of Mot. to Dismiss, or in the Alternative, Mot. for Summ. J. ("Lockheed Mem.") at 8-9. The Court concurs.

4

Under 28 U.S.C. § 1331, a federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff asserts that federal question jurisdiction exists "because the parties' relationships are governed exclusively by federal contracts and statutes, and because a federal agency is a Defendant." Compl. ¶ 4. But the causes of action plaintiff seeks to bring against Lockheed are only cognizable under state law, and despite multiple invitations to give the Court reason to find otherwise, plaintiff has failed to show that a federal statute controls.[3]

A federal court also has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). Plaintiff argues that diversity jurisdiction exists "because at least one of the Defendants and the Plaintiff are from diverse states." Compl. ¶ 4. He is mistaken. "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff," *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original), and therefore "diversity jurisdiction is not . . . available when any plaintiff is a citizen of the same State as any defendant," *id.* at 374. In this case, as Lockheed notes, *see* Defs.' Mem. at 9, plaintiff, Dhamsania and Zub are Virginia residents. "Absent complete diversity, this Court lacks subject-matter jurisdiction and dismissal is required as a matter of law." *Diaz v. Neighbors Consejo*, __ F. Supp. 3d __, __, 2015 WL 135861, at *1 (D.D.C. Jan. 12, 2015) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)); *Lewis v. Gov't of the District of Columbia*, 534 F. Supp. 2d 20, 22 (D.D.C. 2008), *aff'd*, 296 F. App'x 75 (D.C. Cir. 2008) (per curiam).

---

[3]  Federal law, specifically the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346(b)(1), 2671-80, would control plaintiff's tort claims against the FAA. But subject matter jurisdiction still is lacking under the FTCA given the showing by the FAA that plaintiff failed to exhaust his administrative remedies before filing this lawsuit. *See* Defs.' Mem. at 3-5; and *e.g., McNeil v. United States*, 508 U.S. 109, 113 (1993).

Plaintiff is no more successful in persuading the Court to exercise supplemental jurisdiction. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). The exercise of supplemental jurisdiction is discretionary, *see Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005), and ordinarily is not warranted where "the district court has dismissed all claims over which it has original jurisdiction[,]" 28 U.S.C. § 1367(c); *see e.g., Trimble v. District of Columbia*, 779 F. Supp. 2d 54, 60 (D.D.C. 2011) (declining to exercise supplemental jurisdiction over District of Columbia statutory and common law claims after dismissal of civil rights claim brought under 42 U.S.C. § 1983). In this case, there simply is no claim over which the Court has original jurisdiction. Even if plaintiff had raised a federal claim, "the balance of factors to be considered under the [supplemental] jurisdiction doctrine," which are "judicial economy, convenience, fairness, and comity," *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), would weigh against the exercise of jurisdiction over plaintiff's state law claims, particularly where it appears that the same or substantially similar claims were raised or could have been raised in litigation still pending before the Superior Court of the District of Columbia, *see generally* Defs.' Mem., Ex. 2 (First Am. Compl., *Lutfi v. Lockheed Martin Corp.*, No. 2011 CA 8490 (D.C. Super. Ct. filed Feb. 17, 2012)).

C. *The FAA's Motion to Dismiss*

Notwithstanding the Court's orders advising plaintiff of the deadline in which to file an opposition to the FAA's motion, [ECF No. 20], and its extension of that deadline [ECF No. 24], to date, plaintiff has failed to file a response of any kind. Accordingly, the Court will treat the FAA's motion as conceded. *See, e.g., Bell v. Redding*, 539 F. Supp. 2d 423, 424-25 (D.D.C.

2008) (treating motion as conceded where plaintiff failed to file opposition even after Court order advised her "of her obligation to file an opposition to defendant's motion to dismiss and the consequences of her failure to do so"); *see also Stephenson v. Cox*, 223 F. Supp. 2d 119, 122 (D.D.C. 2002) (dismissing various counts of complaint as conceded, noting that "[t]he court's role is not to act as an advocate for the plaintiff and construct legal arguments on his behalf in order to counter those in the motion to dismiss").

III.  CONCLUSION

The Court concludes that subject matter jurisdiction is lacking and, therefore, the complaint and this civil action will be dismissed.  An Order is issued separately.


DATE:  January 26, 2015                         /s/
                                                AMY BERMAN JACKSON
                                                United States District Judge